**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 26 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTWOINE MARQUISE BEALER, | No. 18-16182 |
| Plaintiff-Appellant, | D.C. No. 1:16-cv-00367-LJO-SKO |
| v. | |
| KERN VALLEY STATE PRISON, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted October 22, 2018**

Before: SILVERMAN, GRABER, and GOULD, Circuit Judges.

California state prisoner Antwoine Marquise Bealer appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

constitutional claims arising from his transfer to a segregated housing unit. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012). We affirm.

The district court properly dismissed Bealer's action because Bealer failed to allege facts sufficient to state plausible claims for relief. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam) (elements of "class of one" equal protection claim); *Hudson v. United States*, 522 U.S. 93, 98-99 (1997) (Double Jeopardy Clause applies only to the imposition of multiple criminal punishments for the same offense); *Sandin v. Conner*, 515 U.S. 472, 483-85 (1995) (a constitutionally protected liberty interest arises only when a restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); *Wolff v. McDonnell*, 418 U.S. 539, 563-71 (1974) (setting forth due process requirements for prison disciplinary proceedings); *Johnson v. Lewis*, 217 F.3d 726, 731, 734 (9th Cir. 2000) (elements of Eighth Amendment conditions-of-confinement claim).

We do not consider arguments and allegations raised for the first time on appeal, *see Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009), and we do not

consider documents not presented to the district court, *see United States v. Elias*,

921 F.3d 870, 874 (9th Cir. 1990).

    **AFFIRMED.**